**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**OLIVER HUMPHREY BEAVEN,**

    **Plaintiff,**

-vs-

**MARK B. HANSEN, District Director
Citizenship and Immigration Services**

    **Defendant.**

Case No. C-3-05-419

Judge Thomas M. Rose

_____

**ENTRY AND ORDER FINDING BEAVEN'S COMPLAINT FOR
MANDAMUS MOOT; OVERRULING BEAVEN'S MOTION FOR
ATTORNEY'S FEES (Doc. #9) AND TERMINATING THE CASE**
_____

  Now before the Court is Oliver Humphrey Beaven's ("Beaven's") Motion for Attorney's Fees brought pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C. §2412. (Doc. #9.) Defendant Mark B. Hansen ("Hansen"), District Director for the United States Citizenship and Immigration Services ("USCIS"), has responded (doc. #11) and Beaven has replied (doc. #12). Beaven's Motion is, therefore, ripe for decision. A background will first be set forth followed by a discussion of Beaven's Motion.

**BACKGROUND**

  The Parties have presented minimal evidence to form the basis for a factual background and have not requested an oral hearing. However, the background will be based upon those facts from the Parties' Briefs which appear not to be in dispute.

Beaven entered the United States as a child in 1967. At that time, the USCIS[1] created an alien file for him which was archived. On October 4, 2004, Beaven filed his application for naturalization at Lincoln, Nebraska, which commenced the naturalization process.

The naturalization process consists of a number of procedures which must be followed and completed in order for the USCIS to consider an application for citizenship. Among these procedures are fingerprint, background and name checks which are performed by the Federal Bureau of Investigation (the "FBI"), an interview by the USCIS and a full examination of the immigration file of the applicant, including the alien file.

On October 26, 2004, the first request was made for retrieval of Beaven's alien file. Between this date and March 15, 2005, two additional retrieval requests for Beaven's alien file were made. However, the original alien file was never found and a temporary alien file was created in its absence.

On April 4, 2005, the interview that is part of the naturalization process was conducted. However, the application was not approved because the original alien file was not available[2] and the name check results had not yet been posted.

The name check results were posted on July 1, 2005. At that point, all required procedures were complete except for review of the alien file.

Beaven's Counsel spoke with the Cincinnati USCIS office[3] on September 21, 2005, and again on October 5, 2005, regarding the status of Beaven's application.  On October 18, 2005,

---

[1] Then the Immigration and Naturalization Service

[2] In the absence of an alien file, an application can go forward, but there are additional requirements that the USCIS must meet.

[3] The Cincinnati USCIS office was responsible for the adjudication of Beaven's naturalization application.

Beaven's Counsel submitted a formal, written inquiry and followed that on November 21, 2005, with another phone inquiry.

A few days later on December 7, 2005, Beaven filed the Mandamus action that is now before the Court. In the Mandamus action, Beaven seeks to compel Hansen to approve his application for United States citizenship.

Beaven's Complaint for Mandamus was served on Hansen on December 12, 2005. On December 13, 2005, Beaven's application for citizenship was approved. On December 15, 2005, Beaven became a naturalized U.S. citizen.

Beaven indicates that his Complaint was served on Hansen on December 12, 2005. Proof of this service was not filed by Beaven until March 9, 2005, after being reminded by the Court. Neither the United States Attorney nor the Attorney General were ever served.

## DISCUSSION

Beaven was naturalized as a U.S. citizen on December 15, 2005. Therefore, his Mandamus action to compel Hansen to approve his application for U.S. citizenship is MOOT.

Beaven now seeks a judgment for costs under §2412(a) of the EAJA and for attorney fees under two provisions of the EAJA, §§2412(b) and (d). Section 2412(a) provides that a judgment for costs, not including fees and expenses, "may be awarded to the **prevailing party** in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity." 28 U.S.C. §2412(a)(1)(emphasis added). Section 2412(b) provides that "a court may award reasonable fees and expenses of attorneys to the **prevailing party** in a civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity." 28 U.S.C. §2412(b)(emphasis added).

Finally, section 2412(d)(1)(A) provides that a court shall award to a **prevailing party** other than the United States fees and other expenses incurred by that party in any civil action other than cases sounding in tort unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A)(emphasis added). Therefore, to be eligible to receive costs under §24122(a) or attorney's fees and expenses under §§2412(b) or (d), Beaven must have been the **prevailing party**.

Beaven argues that he was the prevailing party because he was granted the relief that he requested from this Court. Hansen responds that Beaven was not a prevailing party in this case.

Parties litigating in the United States are generally required to pay their own attorney's fees. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 602 (2001). Under this general rule, called the "American Rule," courts do not award fees to a prevailing party absent explicit statutory authority. *Id.* Regarding statutory authority, in certain situations Congress has authorized the award of attorney's fees and expenses to the **prevailing party.** *Id.* The EAJA is one of these situations. *Id.*

The Supreme Court's opinion in *Buckhannon* makes clear that, "to prevail, a party must have obtained a change in the legal relationship of the parties that originated in a court order or that had at least received judicial sanction." *Chambers v. Ohio Department of Human Services*, 273 F.3d 690, (6th Cir. 2001)(citing *Buckhannon*). The *Buckhannon* court specifically noted that an award of attorney's fees is appropriate where a plaintiff has obtained an "enforceable judgment[ ] on the merits" or a "court-ordered consent decree[ ], " but not under the catalyst theory. *Chambers*, 273 F.3d at 692-93(citing *Buckhannon*).

The catalyst theory grants prevailing party status to a plaintiff "if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376-78 (6th Cir. 2002)(citing *Buckhannon,* 532 U.S. at 601), *cert. denied*, 537 U.S. 1106 (2003). A defendant's voluntary change in conduct "lacks the necessary judicial imprimatur on the change" necessary for a plaintiff to be considered a prevailing party. *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  In *Buckhannon*, the Supreme Court rejected the "catalyst theory" as a basis for attorney fee awards under the EAJA because it allows a fee award "where there is no judicially sanctioned change in the legal relationship of the parties." *Brickwood,* 288 F.3d at 1376-78 (citing *Buckhannon,* 532 U.S. at 605).

In this case, Beaven was not the prevailing party. Beaven did not obtain a court sanction changing the legal relationship between he and Hansen. Although Beaven may have achieved the desired result because his Mandamus action may arguably have resulted in a grant of citizenship, he did not obtain an enforceable judgment on the merits or a court-ordered consent decree.

Also, Beaven never totally made it into court because he never achieved proper service under Fed.R.Civ.P. 4(i)(2)(A). Rule 4(i)(2)(A) requires serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee or agency or corporation. Fed.R.Civ.P. 4(i)(2)(A). Rule 4(i)(1) requires that a copy of the summons be delivered to the United States Attorney for the district in which the action is brought. Fed.R.Civ.P. 4(i)(1). Beaven served Hansen but there is no record that he served the United States Attorney.

Because Beaven did not accomplish proper service and was not the prevailing party, he is not entitled to costs pursuant to §2412(a) or to attorney's fees and expenses pursuant to §2412(b) or (d). Therefore, Beaven's Motion for Attorney's Fees is OVERRULED.

The Parties argue about other issues such as whether the position of the United States was "substantially justified," the "market value" for attorney's fees, whether the Government acted in "bad faith," and whether the fee amount applied for is "excessive and overbroad." However, since Beaven was not a prevailing party, the Court need not and has not reached these arguments.

Beaven's Mandamus action is MOOT and is, therefore, dismissed. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirty-First day of May, 2006.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record